STATE v. GORDON LEE SULLIVAN.

(Filed 23 November, 1966.)

**Constitutional Law § 30;    Criminal Law § 131—**

Defendant's contention that he did not receive a fair and impartial trial, based solely on informal remarks made by the judge at the time of pronouncing sentence, is feckless when the sentence of the court is for a term greatly less than the permissible maximum and refutes any claim that defendant was not treated fairly.

APPEAL by defendant from *Burgwyn, E.J.,* at April 1966 Criminal Term of DURHAM Superior Court.

The appellant was charged in two bills of indictment, Nos. 9494 and 9495, with breaking, entering, larceny and receiving. Through his counsel and in his own proper person, he entered a plea of guilty to breaking and entering and larceny in both cases. As to the third count in the two bills of indictment the State took a nol pros.

In case No. 9494 the State offered the testimony of a Durham police officer that on 16 March, 1966, at approximately 2:49 A.M., he observed the appellant and another male near a laundry. When they noticed the officer's presence they began to run. They were apprehended and the investigating officer found a safe lying face down between the laundry and their 1958 De Soto automobile. In the automobile two blue crowbars, a pistol and cartridges were found. On the front door of the laundry that had been pried open there was a large amount of blue paint. The appellant was identified as a resident of the State of Maryland.

In case No. 9495 the State offered evidence that on 16 March, 1966, Braxton's 66 Service Station was broken into by someone prying the front door open. A cigarette machine was forced open and approximately $12.00 was taken therefrom. The coin box of the cigarette machine was found in the middle of the floor. It was dusted and processed for fingerprints and a latent print identified as that of the appellant was found.

The appellant offered no evidence in either case.

The Court consolidated all counts for judgment and imposed a single prison sentence of not less than five nor more than seven years.

*Attorney General T. W. Bruton, Deputy Attorney General Harry W. McGalliard for the State.*

*Richard M. Hutson, II, for defendant appellant.*

Per Curiam. The defendant's sole exception is that he did not receive a fair and impartial trial before a fair tribunal. In support of his claim he quotes the presiding judge at the time of sentencing him: "North Carolina has been made a picking place for criminals from Maryland. They are riding down here regularly from Maryland, robbing people who are trying to make an honest living. I find this true in about every court I hold."

This Court does not intend to restrict informal remarks made by a judge at the time of pronouncing judgment, but there is nothing in Judge Burgwyn's statements to justify the defendant's exception, even though he be a resident of Maryland.

The undisputed facts in the cases, plus the defendant's plea of guilty in both, justified a substantial sentence. The fact that the court imposed only a 5-year sentence when a total of 40 years imprisonment was permissible, refutes his claim that he was not treated fairly.

No error.